hWILLIAM N. KNIGHT, Judge Pro Tem.*
This court issued a rule to show cause why the above captioned appeal should not be dismissed as being untimely. We hereby dismiss.
This is a worker’s compensation suit. Judgment was rendered on April 10, 1995 denying the plaintiff benefits and attorney’s fees. Notice of Judgment was mailed on April 10, 1995. On June 27, 1995, plaintiff filed a motion and order for appeal with the Office of Worker’s Compensation. The record was lodged with this court on September 6, 1995. On September 7, 1995, this court issued a rule to show cause why the above captioned appeal should not be dismissed as untimely citing La. Code Civ.P. art. 2087. The plaintiff did not respond to the rule to show cause.
RLa.Code Civ.P. art. 2087 states as follows: Art. 2087. Delay for taking devolutive appeal
A.Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
B. When a devolutive appeal has been taken timely, an appellee who seeks to have the judgment appealed from modified, revised, or reversed as to any party may take a devolutive appeal therefrom within the delays allowed in Paragraph A of this Article or within ten days of the mailing by the clerk of the notice of the first devolutive appeal in the case, whichever is later.
C. When one or more parties file post-judgment motions, the delay periods specified herein shall commence for all parties at the time they commence for the party whose post-judgment motion is last to be acted upon by the trial court.
In the present case Notice of Judgment was sent out April 10, 1995. Plaintiffs counsel received notice April 17,1995. The plaintiff filed his motion and order for appeal on June 27, 1995. The plaintiff failed to file his appeal within the time delays established by La.Code Civ.P. art. 2087. For these reasons, the above captioned appeal is hereby dismissed at appellant’s cost.

APPEAL DISMISSED.

 Judge William N. Knight of the Thirty First Judicial District Court, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.